**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY A. CLEMENTS,

          Petitioner–Appellant,

v.

ERIC FRANKLIN, Warden,

          Respondent–Appellee.

No. 12-6170

(D.C. No. 5:12-CV-00247-W)

(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner Danny Clements, a state prisoner proceeding pro se, seeks a certificate

of appealability to appeal the district court's denial of his § 2254 habeas petition. In May

2001, Petitioner entered a "blind" plea of guilty to charges of robbery with a dangerous

weapon, knowingly concealing stolen property, burglary in the second degree, and

unlawful possession of a sawed-off shotgun. He was sentenced to an aggregate twenty-

year term of imprisonment.

After receiving his sentence, Petitioner filed various state pleadings arguing (1) his

guilty plea was not knowingly and voluntarily entered because it was based on erroneous

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

advice from his attorney and (2) his twenty-year sentence was excessive and should be modified. After these challenges failed, Petitioner filed the instant federal habeas petition in March 2012. Respondent filed a motion to dismiss the petition as time-barred. In response, Petitioner argued his petition was timely filed because two recent Supreme Court decisions, *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), support his claim of ineffective assistance of counsel. The magistrate judge recommended Petitioner's petition be dismissed as untimely. He concluded that, even calculating the limitations period and construing Petitioner's arguments as liberally as possible, Petitioner's habeas petition was still untimely. The district court agreed and dismissed the petition as time-barred.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate whether the district court erred in concluding that 28 U.S.C. § 2244(d)(1)(C) does not apply because the Supreme Court cases relied on by Petitioner are factually dissimilar to his case, and that Petitioner was not entitled to any further statutory tolling. Nor would reasonable jurists debate whether the district court abused its discretion by denying equitable tolling where Petitioner failed to show that he diligently pursued his claims or that extraordinary circumstances prevented him from filing his federal habeas petition within the limitations period. Therefore, for substantially the same reasons given by the magistrate judge and the district court, we

-2-

**DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge